# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

| | | |
|---|---|---|
| LISA P. JONES, | ) | |
| | ) | |
| Debtor/Appellant. | ) | |
| | ) | |
| vs. | ) | CIVIL CASE NO. 1:10cv242 |
| | ) | |
| DANIEL RAY JONES and | ) | |
| WILMA O. JONES, | ) | |
| | ) | |
| Appellees. | ) | |
| | ) | |
| | | **ORDER DISMISSING APPEALS** |
| LISA P. JONES, | ) | |
| | ) | |
| Debtor/Appellant. | ) | |
| | ) | |
| vs. | ) | CIVIL CASE NO. 1:10cv243 |
| | ) | |
| SARA JONES and | ) | |
| JONES FAMILY TRUST, | ) | |
| | ) | |
| Appellees. | ) | |

**THESE MATTERS** are before the Court upon a Memorandum from the Bankruptcy Clerk filed November 3, 2010 [Doc. 2],[1] Appellees' Motion to Dismiss [Doc. 3], and Appellant's Answer to Motion to Dismiss [Doc. 5].

The Court notes that Debtor/Appellant filed both of these appeals on

---

[1] The Document numbers correspond to both 1:10cv242 and 1:10cv243, as the filings in these two cases are essentially identical.

the same date, both appealing the denial of Objections to Claims. In both appeals she has failed to file her designation of record and statement of issues within the requisite time. In both appeals, Plaintiff is represented by the same counsel. The issues before this Court in both appeals are identical.

On October 18, 2010, the Debtor/Appellant filed Notices of Appeal in these matters with the Bankruptcy Court. Pursuant to Rule 8006 the Appellant's designations of items to be included in the record and issues for appeal were to be filed with the Bankruptcy Court no later than November 2, 2010. Appellant failed to comply with that filing deadline. On November 3, 2010, the Bankruptcy Clerk filed and served a Memorandum notifying Appellant of the missed deadline [Doc. 2]. That failure is the basis of the Appellee's Motion to Dismiss. [Doc. 3].

Bankruptcy Rule 8006 states in pertinent part that "[w]ithin 14 days after filing the notice of appeal . . . the appellant shall file with the clerk and serve on the appellee a designation of the *items to be included in the record on appeal and a statement of the issues to be presented*." Fed.R.Bkr.P. 8006 (emphasis added).

Bankruptcy Rule 8001(a) provides in pertinent part:

Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but

2

>is ground only for such action as the district court ... deems appropriate, which may include dismissal of the appeal.

Rule 8001(a).

>[B]efore a district court may dismiss an appeal pursuant to Rule 8001(a), it must take *at least one* of the following steps: (1) make a finding of bad faith or negligence; (2) give the appellant notice and an opportunity to explain the delay; (3) consider whether the delay had any possible prejudicial effect on the other parties; *or* (4) indicate that it considered the impact of the sanction and available alternatives. ... "[A] proper application of [this] test will normally require a district court to consider and balance all relevant factors."

In re Weiss, 111 F.3d 1159, 1173 (4th Cir. 1997) (emphasis in original).

In assessing these factors, the Court takes notice of the fact that before the bankruptcy court Plaintiff has been the subject of an Order [Case 08-10897 Doc. 134] enjoining her from obstruction and interference with the Trustee's activities. This was entered upon the Trustee's Motion for Contempt Order, which stemmed from the Debtor having taken certain steps and sought conversions that have tended to delay the conduct and conclusion of the underlying bankruptcy case.

Bad faith is "inferable from the overall behavior of the [debtor] throughout the procedure." Id. The Court finds that this appeal was not taken in good faith and the failure to prosecute it in accord with the law is the product of Appellant's intentionally obstructionist and dilatory efforts. Such filings prejudice the bankruptcy estate and its creditors because it

3

prolongs the bankruptcy proceedings.  In re Weiss , 111 F.3d at 1173; Hannigan v. Countrywide Home Loans, Inc., 2006 WL 3065583 (W.D.N.C. 2006) The use of a less drastic sanction than dismissal will not provide the relief needed, that is, the ability of the bankruptcy proceeding to go forward without further delay. Nor does the Court find that notice and opportunity to respond would result in a reasonable, credible explanation.  Having considered and balanced each of the Weiss factors, the Court concludes that despite the harsh nature of the sanction of dismissal, dismissal is warranted in this case.

Not only is the course of conduct of the Appellant herself sanctionable in this instance, but that of her counsel is as well. Responding to Appellee's Motion to Dismiss [Doc. 3], Appellant's counsel Kelly Calloway, Jr. has filed a document styled as "Answer to Motion to Dismiss Appeal."[2]  The document addresses Appellant's failure to file his designation of the items to be included in the record on appeal and statement of the issues to be presented.

Counsel argues that he missed the deadline because he received a form from the Bankruptcy Court and "in good faith interpreted the wording

---

[2] Noting that our rules recognize no such procedure as an "answer" to a Motion to Dismiss, the Court accepts this document as Appellant's Response to Appellee's Motion to Dismiss.

4

'the filing of designated items with the court is no longer required' as a changed [sic] that did not require the filing of the Rule 1008 [sic] document." [Doc. 5 ¶ 5]. The form is Exhibit B to Appellant's "Answer." [Doc. 5]. Counsel argues that he first learned that his interpretation of the form was incorrect when he received the Bankruptcy Court's Memorandum dated November 3, 2010, that the deadline had been missed. [Doc. 5 ¶ 7].

The form that counsel offered as Exhibit B is one forwarded by the Bankruptcy Court to all parties when an appeal from that Court is taken to the District Court. The entire substance of that form reads as follows:

> **NOTICE IS HEREBY GIVEN** that the United States Bankruptcy Court requires that all pleadings be filed electronically. Therefore; the filing of designated items with the court **is no longer required.**
>
> **PLEASE BE FURTHER** advised that each item in the designation must be numbered complying with the court's official docket report. Each item designated must contain the file date along with a description of each item.

This document obviously informs the parties that they need not re-file the *designated items*, as they have previously been filed with the Bankruptcy Court. It does *not* instruct that the *designation* need not be filed. In fact, it clearly implies (as Rule 8006 unambiguously requires) that the designation *be filed*. After all, if the designation is not filed, how are the items to be included in the record to be designated? How is the Court to

know what constitutes the record? Appellant does not answer these questions.

Plaintiff's claim that he reasonably interpreted the second sentence of the form to obviate the need for filing the designations,[Doc. 5 ¶ 7], is unsupportable. The document neither says nor implies such a thing. Counsel's argument is not credible for several reasons.

First, a mere form cannot pre-empt the effectiveness of a Federal Rule of Bankruptcy Procedure. Rule 8006 is not in conflict with the questioned wording, and continues to enjoy full force and effect in bankruptcy appeals. Similarly, the form does not pre-empt the effectiveness and applicability of Local Bankruptcy Rule 8006-1, but rather attempts to implement it. What counsel describes is not excusable neglect, but rather an inexplicable error in judgment. The error is worse given that he could have inquired with the Clerk's office as to how they squared affirmative obligations under law with the apparent obviation of them by their form, but did not.

Next, the context of the paragraph within which that sentence falls does not support an interpretation that designations are unnecessary. That paragraph addresses the conversion of the court's bankruptcy appeals management in or around the year 2005, from a paper-based filing system

to an electronic filing system. It admonishes litigants to cease making paper filings of the items designated to be part of the record on appeal.

The context of the next paragraph of that form removes any doubt that designations must continue to be filed and served. It gives specific detail on how to electronically file a designation under Rule 8006, differentiating that method from the pre-2005 paper method.

The records of this Court disprove counsel's assertion that he believed his interpretation that the filing of designations was unnecessary. On October 9, 2008, counsel received personal[3] notice that designations on appeal are required to be filed. On that date the Bankruptcy Clerk issued to counsel a notice - *identical* to the November 3 Notice herein - that he had missed his deadline for filing designations in the matter of McCollum et al v. Vea, 1:08cv430. [1:08cv430, Doc. 2]. Counsel made no such claim of confusion when he received the form then. Instead, he sought to excuse his failure to file designations by arguing that he could not give priority to learning the rules governing appellate procedure and

---

[3]Counsel's excuse intimates that it is the Court's responsibility to clarify for him the confusion that he has concocted from the form. He is wrong. He is not due a specific notice directed to him, but rather is charged with the notice provided to all litigants on this issue by Federal Rule of Bankruptcy Procedure 8006 and Local Bankruptcy Rule 8006-1. The Notices of October 9, 2008 and November 3, 2010 were sent as courtesies from the Bankruptcy Court to the District Court. Their content should have been an unneeded reminder, not an initial education to the law on the subject. [Doc. 5 ¶ 7].

7

electronic filing, notwithstanding the fact that he had himself filed the appeal in question. [1:08cv430, Doc. 4].

Counsel digs himself even deeper into this hole by claiming that he did not receive the November 3, 2010, Clerk's Memorandum until November 8. This assertion is also devoid of credibility. The Memorandum was filed electronically as were with all other documents in this case. Counsel has an ECF account which provides for automatic, instant notification of such filings. He does not claim delayed receipt of any other item. The gist of counsel's argument appears to be that he should be excused for not checking his e-mail for five days. Moreover, counsel gives no explanation whatsoever for his delay in response from November 8 (the day he claimed to have received the Memorandum) and November 24 (the day that he filed his excuses).

The same allegedly confusing form [Doc. 5-2] has been in use since well before the McCollum case, as have the Local Bankruptcy Rules and the Federal Rules of Bankruptcy Procedure. Counsel's current excuse about misinterpretation of a form, therefore, being nothing more than a different but equally unfortunate amplification of the 2008 excuse, cannot be credited.

Counsel is not a stranger to the federal courts of this district. He has

8

had six cases in the District Court and numerous cases in the Bankruptcy Court during the five years that the form and procedure he complains of have been in use. He has maintained a North Carolina law license since 1993. In spite of this ample opportunity to cultivate an appropriate habit and attitude toward compliance with the procedural and substantive rules of these courts, this is not his first unreasonable failure to adhere to important time limitations. Key examples, but not the only examples, are the Order on Show Cause issued by Judge George R. Hodges in 2009 and the 1998 reprimands of the North Carolina State Bar. [Case 08-40691, Doc. 43; North Carolina State Bar 98G0703(IV) and 98G0788(IV)]. Both demonstrate not only the active indifference of counsel to reasonable deadlines and communications by adverse parties in ongoing litigation, but worse, his repeated recalcitrance against the authority of the Court and State Bar, respectively.[4]

---

[4]Judge Hodges specifically cited a previous court order that was occasioned in part by counsel's failing to appear at two scheduled hearings. [Case 08-40691, Doc. 34]. In his Order on Show Cause, Judge Hodges noted that counsel defied the earlier order by paying a sanctions check "to the Trustee rather than to his counsel, as ordered by the Court, and [in the amount of] only half of the amount of the sanctions entered," and making a courthouse-steps records submission that "remain[s] materially incomplete." The State Bar specifically cited his having to be subpoenaed to their offices after no response to letters seeking his answers to two grievances, and only "finally" complying with commands.

For all of the above reasons the Court finds and concludes that the Appellant failed to file the designation of items to be included in the record on appeal and the issues for appeal within the requisite time, and when confronted with this fact Appellant's counsel did not attempt to cure such failure promptly, but rather chose to delay this matter further by proffering an explanation that is demonstrably false; and that all of this was undertaken by Appellant and her counsel to further the pattern of obstructionism and delay that had permeated their actions in this Bankruptcy. The Court finds the actions of Appellant and her counsel in these actions were undertaken in bad faith and for the purpose of prejudicing the creditors in the Bankruptcy proceeding and the administration of this Bankruptcy estate. In weighing the conduct at issue, dismissal of the appeal is an appropriate sanction. The appeal was taken and the delay was undertaken in bad faith. Dismissal simply allows the creditors and the Trustee to proceed in this matter as though the bad faith actions had not been undertaken.

Counsel for Appellant is admonished to give stronger consideration to his ethical duties in this Court. If the actions present in this case persist counsel could be subject to strong sanctions, including monetary fines or suspension from practice in this Court.

**IT IS THEREFORE ORDERED** that the Appellant's appeal is hereby **DISMISSED** for failure to comply with applicable rules of procedure in both 1:10 cv 242 and 1:10 cv 243.

Signed: December 6, 2010

Martin Reidinger
United States District Judge